IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGGIE PETERS, AE-0742,

    Petitioner,

vs.

GARY SWARTHOUT, Warden,

    Respondent.

No. C 12-1668 CRB (PR)

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, a state prisoner incarcerated at California State Prison, Solano (SOL), seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of a state sentence imposed by the Alameda County Superior Court. For the reasons that follow, a writ will be denied.

## BACKGROUND

On December 30, 2007, petitioner fired two bullets at the wall of his apartment. The bullets passed through the wall into the next apartment, and one bullet struck and killed the victim, Bobby Jones.

After a court trial which concluded on April 26, 2010, petitioner was found guilty of involuntary manslaughter, Cal. Penal Code § 192(b), with an

enhancement for use of a firearm in commission of a felony, Cal. Penal Code § 12022.5(a), and also of being a felon in possession of a firearm, Cal. Penal Code § 12021(a)(1). On June 18, 2010, petitioner was sentenced to 12 years in state prison. Petitioner received the low-term of two years for involuntary manslaughter, enhanced by the upper-term of ten years for use of a firearm in commission of a felony, and the mid-term of two years for being a felon in possession of a firearm, to be served concurrently.

The court based its conviction of involuntary manslaughter on a finding that petitioner's misdemeanor conduct of "exhibiting a firearm in a rude and angry manner" in violation of section 417(a)(2) of the California Penal Code had caused the gun to discharge and kill the victim. Docket #1 at 13. Alternatively, the court reasoned that petitioner had committed an act that was ordinarily lawful (handling a loaded gun) in an unlawful manner without "due circumspection or caution considering his mental state and state of sobriety . . . ." Id. at 14. The court also selected the upper-term for the firearm use enhancement based on a finding that the victim was particularly vulnerable. Id. at 15.

Petitioner appealed. But on June 23, 2011, the California Court of Appeal affirmed the judgment of the trial court. He then filed a petition for a writ of habeas corpus in the California Supreme Court. But on December 14, 2011, the state high court summarily denied the petition.

On March 22, 2012, petitioner filed the instant petition for a writ of habeas corpus under § 2254 in the Eastern District of California. The petition was transferred to this court and, on June 20, 2012, this court found that the claims appeared minimally cognizable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer and petitioner has filed a traverse.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." <u>Id.</u> § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state

court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.  Claims & Analysis

Petitioner seeks federal habeas corpus relief under § 2254 on the ground that his state sentence is unconstitutional. Specifically, he claims that (1) the imposition of a firearm use enhancement was not permitted under California law and, alternatively, that (2) the court abused its discretion in sentencing him to the upper-term on the firearm use enhancement.

1.  Imposition of Firearm Use Enhancement

Petitioner claims that under California law the trial court was not permitted to impose a firearm use enhancement because that enhancement only applied to felonies, and the conduct underlying the involuntary manslaughter conviction was a misdemeanor offense of "exhibiting a firearm in a rude and angry manner," Cal. Penal Code § 417(a)(2); Docket #1 at 13, not a felony. The claim is without merit.

It is well established that a state appellate court's interpretation of state law binds a federal court unless the federal court is convinced that "the highest court of the state would decide otherwise." Hicks v. Feiock, 485 U.S. 624, 629-

30 n.3 (1988) (quoting West v. American Telephone & Telegraph Co., 311 U.S. 223, 237-38 (1940)). And a state court's misapplication of the state's sentencing laws may implicate due process if fundamental unfairness results. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).

Here, the California Court of Appeal concluded that the trial court did not err in applying the firearm use enhancement to the involuntary manslaughter conviction. The appellate court reasoned that petitioner was convicted of involuntary manslaughter, not "exhibiting a weapon in a rude and angry manner," and therefore the enhancement applied not to the underlying conduct of "exhibiting a weapon in a rude and angry manner," but to the actual felony conviction for involuntary manslaughter. People v. Peters, No. A128981, 2011 WL 2518619, at *4 (Cal. Ct. App. June 23, 2011).

The California Court of Appeal's interpretation of California law is binding on this court. The California Supreme Court has not ruled on whether the firearm use enhancement applies where an element of the underlying felony is a misdemeanor, so it certainly cannot be said that the state high court would rule differently than the state court of appeal did here. See Hicks, 485 U.S. at 629-30 (state appellate court's interpretation of the elements and burdens of contempt binding in federal court absent contrary California Supreme Court determination). Moreover, the state appellate court's interpretation is consistent with other state court authority, see People v. Read, 142 Cal. App. 3d 900 (1983), and the plain meaning of California Penal Code section 12022.5(a) – "any person who personally uses a firearm in the commission of a felony" – suggests that, like the state appellate court ruled here, the firearm enhancement should apply to a felony in its entirety, not to the elements of a felony.

5

Because petitioner's conviction for involuntary manslaughter is a felony, see Cal. Penal Code § 17(a); Cal. Penal Code § 193(b), the imposition of the firearm enhancement under section 12022.5(a) appears consistent with state law and certainly was not fundamentally unfair. Cf. Miller, 868 F.2d at 1118-19 (whether felony is "serious" for purposes of sentence enhancement under section 667(a) of California Penal Code not constitutional question). Petitioner's claim is without merit; the California Court of Appeal's rejection of the claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

    2.    Abuse of Discretion

Petitioner claims that the trial court abused its discretion in applying the upper-term for the firearm use enhancement because the victim's death was an accident. The claim is without merit.

    a.    Procedural default

The California Court of Appeal found petitioner's abuse of discretion claim waived under California's contemporaneous objection rule. Under the contemporaneous objection rule, "[c]omplaints about the manner in which a trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." Peters, 2011 WL 2518619, at *5 (quoting People v. Scott, 9 Cal. 4th 331, 356 (1994)). Respondent correctly argues that petitioner's failure to preserve this claim for appeal now precludes him from raising it on federal habeas review.

Generally, a federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."

Coleman v. Thompson, 501 U.S. 722, 729 (1991). Procedural default under California's contemporaneous objection rule is an independent and adequate state ground for denying review of a habeas claim. See Paulino v. Castro, 371 F.3d 1083, 1092-93 (9th Cir. 2004). A federal court will only review a claim disposed of on an independent and adequate state ground if the petitioner shows either "cause and prejudice" or "miscarriage of justice." McClesky v. Zant, 499 U.S. 467, 494 (1991).

Under "cause and prejudice" analysis, petitioner must show (1) cause: that some objective factor impeded efforts to raise the claim at the appropriate proceeding, and (2) prejudice: that the impediment worked to petitioner's actual and substantial disadvantage, with errors of constitutional dimensions. Id. If petitioner does not meet the standard for "cause and prejudice," a federal court may still review the claim if a "miscarriage of justice" occurred. Sawyer v. Whitley, 505 U.S. 333, 339 (1992). The "miscarriage of justice" exception only applies if petitioner claims actual innocence. See Coleman, 501 U.S. at 748.

This court is precluded from reviewing petitioner's abuse of discretion claim because petitioner has not shown cause and prejudice, or a miscarriage of justice, to excuse his procedural default.

    b.  Merits

Even if this court could review petitioner's abuse of discretion claim, the claim would fail on the merits.

Habeas relief generally is unavailable for an abuse of sentencing discretion claim. See Townsend v. Burke, 334 U.S. 736, 741 (1948); Williams v. Borg, 139 F.3d 737, 740 (9th Cir. 1998). As long as the sentence does not exceed the state's statutory maximum, federal habeas relief generally is not in order. See Townsend, 334 U.S. at 741.

        The California Court of Appeal found that, even if petitioner had not waived his claim on appeal, the abuse of discretion claim failed because the trial court properly selected an aggravated term based on the finding that the victim was particularly vulnerable. Peters, 2011 WL 2518619, at *5. The court's rejection of the claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

        Petitioner's 12-year sentence does not merit federal habeas relief on the basis of an abuse of discretion claim because the sentence did not exceed the state's statutory maximum. See Docket #1 at 55 (statutory maximum is 14 years, 8 months); accord Cal. Penal Code § 193(b); Cal. Penal Code § 12021(a)(1); Cal. Penal Code § 12022.5(a). And contrary to petitioner's claim, it matters not that the killing was an accident. Under California law, a court may apply the upper-term to a sentence if the court finds that a single, aggravating factor exists. See People v. Black, 41 Cal. 4th 799, 816 (2007). In this case, that aggravating factor was properly based on the finding that the victim was particularly vulnerable. See Peters, 2011 WL 2518619, at *5 (explaining why record supports finding that victim was particularly vulnerable).

/
/
/
/
/
/
/
/

8

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: July 9, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Peters, R.12-1668.denial.wpd